UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State of Michigan,

          Plaintiff,      Case No. 23-cv-12572

v.                              Judith E. Levy
                              United States District Judge

Justin Jarvis Jerome Phillips,

                              Mag. Judge Curtis Ivy, Jr.

          Defendant.

_____/

## ORDER OF DISMISSAL

Defendant Justin Jarvis Jerome Phillips, who is self-represented or proceeding *pro se*, initiated this action on October 11, 2023. (ECF No. 1.) The notice of removal filed by Defendant appeared to indicate that he removed from 34th District Court a criminal prosecution in which he was charged with one count of misdemeanor stalking. (*Id.*) The notice of removal stated that the removal was under 28 U.S.C. §§ 1441, 1443, 1446, and 1455. (*Id.*) Defendant submitted an application to proceed in this Court without prepaying fees or costs. (ECF No. 2.)

On October 24, 2023, the Court issued an order striking the notice of removal. (ECF No. 4.) The document was stricken because it

"[c]ontain[ed] information that must be redacted (e.g., social security number, taxpayer identification number, birth date, minor's name, financial account number)." (*Id.* at PageID.46 (citing Fed. R. Civ. P. 5.2).) The Court instructed that "[t]he removal notice must be refiled in full compliance with the applicable rule(s) by November 27, 2023." (*Id.*)

On November 6, 2023, Defendant submitted various documents that were filed by the Clerk's Office in two docket entries. (ECF Nos. 5, 6.) The documents—totaling over 200 pages—consisted of emails, apparent state court filings, and police reports. (*Id.*) Defendant also submitted a notice of removal. (ECF No. 7.)

On March 18, 2025, the Court struck one of the filings consisting of numerous documents (ECF No. 5) and the removal notice (ECF No. 7), given that they "[c]ontain[ed] information that must be redacted (e.g., social security number, taxpayer identification number, birth date, minor's name, financial account number)." (ECF No. 11, PageID.307 (citing Fed. R. Civ. P. 5.2); ECF No. 12, PageID.309 (same).) The order striking the notice of removal directed as follows:

> By April 18, 2025, Defendant Justin Jarvis Jerome Phillips must either (1) refile the removal notice in full compliance

2

> with the applicable rule(s) and specify the basis for removal in light of the fact that the state court case Defendant desires to remove is apparently closed or (2) indicate to the Court that he does not wish to proceed with this case.

(ECF No. 12, PageID.309.)

Defendant did not comply with the Court's March 18, 2025 order. As a result, the Court issued a show cause order on May 8, 2025. (ECF No. 14.) The Court's show cause order stated:

> Defendant is ordered to show cause in writing why the Court should not dismiss the action for failure to comply with the Court's [March 18, 2025] order. *See Franke v. Norfolk S. Ry. Co.*, No. 21-3848, 2023 WL 3413919, at *3 (6th Cir. May 12, 2023) ("Th[e Sixth Circuit] follows the general principle that 'a district court has broad discretion to manage its docket.'" (quoting *Am. C.L. Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010))); *see also Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) ("As with any removal statute, the defendant has the burden of establishing that removal is proper."); 14C Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3721 (Rev. 4th ed. 2025) ("On innumerable occasions the federal courts have held that the defendant has the burden of establishing that the requirements of the relevant federal statutes have been met and that removal is proper."). Defendant's response to this show cause order is due by **May 22, 2025**. **Failure to file a response by May 22, 2025 will result in sanctions, including the dismissal of the action.**

(*Id.* at PageID.315 (first alteration added) (emphasis in original).)

3

The deadline for Defendant to respond to the Court's May 8, 2025 show cause order has elapsed, and the Court has not received any communication from Defendant. Defendant has not responded to the show cause order. Nor has he refiled a notice of removal or asked for more time to file a response to the Court's order or a removal notice. The show cause order warned Defendant about the possibility of dismissal if he failed to respond within the specified time frame.[1] (*Id.*)

---

[1] On May 8, 2025, the Court mailed a copy of the show cause order to Defendant at the address he provided: 2075 W. Stadium Blvd., Unit 3924, Ann Arbor, MI 48103. The docket reflects that the mailing was returned to the Court on June 3, 2025 as "unclaimed" and "unable to forward." (ECF No. 15.) But Defendant's failure to receive the order to show cause does not excuse his non-responsiveness and lack of participation in the case.

Defendant is aware of his responsibility to update his contact information with the Court. On November 9, 2023, the Court issued a notice regarding the parties' responsibility to notify the Court of an address change. (ECF No. 8.) The notice warns that "[f]ailure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case." (*Id.* (emphasis in original).) *See also* E.D. Mich. LR 11.2 ("If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs."). The notice was not returned to the Court as undeliverable. In fact, Defendant filed a response to the notice, which confirms that he received it. (*See* ECF No. 13 (striking Defendant's response to the notice regarding the responsibility to notify the Court of an address change).) Thus, Defendant knows he is obligated to notify the Court of any address change and that his failure to do so could result in the dismissal of his case.

It has now been over one month since the Court's show cause order was returned to the Court in the mail. (ECF No. 15.) Defendant has not updated his

Due to Defendant's non-compliance with the Court's orders, there is currently no notice of removal in the case. Section 1455 instructs that a defendant "desiring to remove any criminal prosecution from a State court shall file" in the appropriate federal district court a removal notice that meets certain requirements. 28 U.S.C. § 1455(a)–(b); *see* 14C Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3729 (Rev. 4th ed. 2025) ("[T]he procedure for removal is spelled out in Section 1446 (civil actions) and Section 1455 (criminal prosecutions) of Title 28."). Moreover, § 1455(b)(4) provides that "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the [United States district] court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). But here, there is no removal notice for the Court to review to determine whether to remand or retain the case based on "the face of the notice" under § 1455(b)(4). Therefore, the Court does not "make an order for summary remand." *Id.*

Having considered the circumstances set forth above, the Court finds it appropriate to dismiss the case. Defendant has not filed an item on the docket since November 2023. Thus, he has not participated in

---

address during that time or provided a basis for the Court to excuse his "failure to file promptly current contact information." E.D. Mich. LR 11.2. (*See* ECF No. 8.)

5

the case since then. In light of Defendant's failure to comply with the Court's orders as well as his failure to indicate to the Court that he wishes to proceed with the removal he initiated almost two years ago, the case is dismissed. *See Franke*, 2023 WL 3413919, at *3; *Conrad*, 871 F.2d at 614; 14C Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3721 (Rev. 4th ed. 2025); E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.").

Accordingly, the case is DISMISSED.

IT IS SO ORDERED.

Dated: July 14, 2025　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2025.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager

6